1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL E. JACQUES,                    No.  2:23-cv-00346 DB P

12                 Plaintiff,

13        v.                                ORDER

14   R. WEISS,

15                 Defendant.

16   _____

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendant was deliberately indifferent to her[1] medical needs.

19   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and her

20   complaint (ECF No. 1) for screening.  For the reasons set forth below, the court will grant the

21   motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

22                              **IN FORMA PAUPERS**

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   _____

28   [1] The court will use female pronouns to refer to plaintiff, as plaintiff uses female pronouns
     throughout the complaint.  (See generally ECF No. 1.)

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain

2

1    factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

3    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

5    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6           The Civil Rights Act under which this action was filed provides as follows:

7                    Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the deprivation
8                    of any rights, privileges, or immunities secured by the Constitution .
                     . . shall be liable to the party injured in an action at law, suit in equity,
9                    or other proper proceeding for redress.

10   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15   omits to perform an act which he is legally required to do that causes the deprivation of which

16   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18   their employees under a theory of respondeat superior and, therefore, when a named defendant

19   holds a supervisorial position, the causal link between him and the claimed constitutional

20   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

21   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

23   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24   **II.      Allegations in the Complaint**

25          Plaintiff alleges that, at all relevant times, she was incarcerated at Mule Creek State Prison

26   ("MCSP").  She names one defendant, Dr. R. Weiss.  (ECF No. 1 at 2.)  She asserts a single claim

27   for deliberate indifference to her medical needs, in violation of the Eighth Amendment.  (Id. at

28   12.)

                                                    3

1    According to the complaint, plaintiff was transferred to MCSP on July 20, 2021.  (Id. at

2  8.)  Three days later, she met with defendant, who was her assigned primary care physician at

3  MCSP.  (Id.)  Defendant told plaintiff that several of her medical accommodations, or "chronos,"

4  had expired on July 14, 2021, including chronos for a lower bunk assignment and for knee and

5  ankle braces.  (Id.)  Defendant allegedly stated that he had conducted a "complete review" of

6  plaintiff's "entire medical file," which he believed contained "no evidence" to justify renewing

7  the chronos for the lower bunk assignment and braces.  (Id.)

8    Plaintiff explained to defendant that the braces were necessary to treat pain and mobility

9  issues caused by chondromalacia and the thickening of her lateral ankle ligament, conditions that

10  had been confirmed through magnetic resonance imaging ("MRI").  (Id. at 8–9.)  Plaintiff alleged

11  these conditions made her more likely to fall and injure herself when climbing to the top bunk and

12  had previously fallen while at MCSP.  (Id.)  Plaintiff informed him that she "has a bullet retained

13  in her lower right extremities," which also contributed to these falls.  (Id.)  Defendant did not

14  renew the chronos.  (Id.)  Plaintiff again explained the need for the chronos and told defendant

15  she had previously fallen on August 31, 2019 while ascending a staircase.  (Id. at 10.)  According

16  to plaintiff, defendant "responded saying that plaintiff complain [sic] too much."  (Id.)

17    On July 30, 2021, plaintiff filed an accommodation request to immediately renew the

18  chronos for the lower bunk assignment and braces.  (Id.)  Plaintiff states that she filed the request

19  because she "fell multiple times ascending the upper bunk."  (Id.)  On August 2, a nurse

20  completed a medical injury report, which documented "healed scrapes to the inner thigh and chin

21  and swelling in her knees."  (Id.)  Later, on an unspecified date, defendant issued a lower bunk

22  chrono to plaintiff.  (Id. at 10–11.)  It included a statement that "after [defendant] received

23  plaintiff's chart review he ordered a lower bunk/lower tier – no stairs chrono."  (Id. at 11.)

24  **III.    Does Plaintiff State a Claim under § 1983?**

25    **A.  Legal Standard**

26    The Eighth Amendment prohibits "cruel and unusual punishments."  Farmer v. Brennan,

27  511 U.S. 825, 832 (1994).  Where a prisoner's Eighth Amendment claims arise in the context of

28  medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

4

evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm."  Id. at 842.

"Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  Jett, 439 F.3d at 1096 (quoting Estelle, 429 U.S. at 1059).  To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

### B.  Analysis

Plaintiff states that she has chondromalacia, thickening of her lateral ankle ligament, and a bullet embedded in her lower extremities, which cause her pain and makes her more susceptible to falls.  (ECF No. 1 at 8-9.)  Plaintiff reports that she suffered falls and experienced pain as a result of defendant's delay in renewing her lower bunk chrono and apparent refusal to renew her

1    braces.  (Id. at 10, 12.)  According to plaintiff, defendant told her that "there was no evidence to

2    renew" the chronos for the lower bunk assignment and braces.  (Id. at 8.)

3         Here, defendant's denial of a lower bunk chrono and braces, in the face of plaintiff's

4    disagreement, shows only a difference of medical opinion.  "A difference of opinion between a

5    physician and the prisoner—or between medical professionals—concerning what medical care is

6    appropriate does not amount to deliberate indifference."  Snow v. Daniel, 681 F.3d 978, 988 (9th

7    Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir.

8    2014) (en banc).  To state a cognizable claim, plaintiff must allege facts showing that defendant's

9    denial was medically unacceptable under the circumstances and chosen in conscious disregard of

10   an excessive risk to plaintiff's health.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

11        For these reasons, the complaint does not state a cognizable Eighth Amendment claim

12   against defendant.  Plaintiff will be granted leave to file an amended complaint.

13                        **AMENDING THE COMPLAINT**

14        As set forth above, the complaint fails to state a claim.  However, plaintiff will be given

15   the opportunity to amend the complaint.  Plaintiff is advised that in an amended complaint, she

16   must clearly identify each defendant and the action that defendant took that violated her

17   constitutional rights.  The court is not required to review exhibits to determine what plaintiff's

18   charging allegations are as to each named defendant.  The charging allegations must be set forth

19   in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

20   That said, plaintiff need not provide every detailed fact in support of her claims.  Rather, plaintiff

21   should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

22        Any amended complaint must show the federal court has jurisdiction, the action is brought

23   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

24   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

25   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

26   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

27   of a constitutional right if he does an act, participates in another's act or omits to perform an act

28   he is legally required to do that causes the alleged deprivation).

                                        6

1    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

2  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

3  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

6  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

10  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

11  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

12    An amended complaint must be complete in itself without reference to any prior pleading.

13  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

14  Any amended complaint should contain all of the allegations related to her claim in this action.  If

15  plaintiff wishes to pursue her claims against the defendant, they must be set forth in the amended

16  complaint.

17    By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and

18  has evidentiary support for her allegations, and for violation of this rule the court may impose

19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20  **CONCLUSION**

21  For the reasons set forth above, IT IS HEREBY ORDERED that:

22  1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

23  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

25  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order

26  to the Director of the California Department of Corrections and Rehabilitation filed

27  concurrently herewith.

28  3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

7

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 31, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/jacq0346.scrn