UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. Weiss,<br><br>    Defendant. | No. 2:23-cv-00346 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant was deliberately indifferent to her medical needs. (ECF No. 10.) Presently before the court is plaintiff's first amended complaint (ECF No. 10) for screening. For the reasons set forth below, the court will dismiss the first amended complaint with leave to amend.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

////

////

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the First Amended Complaint**

Plaintiff states that the events giving rise to the claim occurred while she was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 10 at 1.)  In the First Amended Complaint plaintiff has identified as the defendant, R. Weiss a physician and surgeon at MCSP.  (Id. at 2.)

Plaintiff states she was seen by defendant.  (Id. at 8.)  At the appointment plaintiff alleges defendant reviewed her entire medical file, and acknowledged plaintiff has several chronic injuries that required medical appliances and chronos.  (Id. at 9)  At the meeting defendant acknowledged her prior injuries and the substantial risk of harm that could occur should plaintiff not receive proper treatment.  (Id.)  Plaintiff states she informed defendant she was in need of her ankle and knee braces and without the devices she was under a substantial risk of serious harm.  (Id.)  Defendant then examined plaintiff's ankle and plaintiff showed him other injuries sustained from attempts to climb into the upper bunk.  (Id.)  Defendant stated "'your young. Stop complaining. Your injuries won't kill you. . . ."  (Id. at 10.)  Plaintiff then asserts that defendant knew the risk she was at without her devices and without restrictions.  (Id.)

////
////
////

3

**III.    Does Plaintiff State a Claim under § 1983?**

    **A. Medical Care**

        **1. Legal Standards**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or

////

////

4

intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

////

////

**A. Analysis**

Plaintiff states that she has chondromalacia, thickening of her lateral ankle ligament, and a bullet embedded in her lower extremities, which cause her pain and makes her more susceptible to falls. (ECF No. 10 at 8-9.) Plaintiff asserts throughout the complaint that her medical record reflects chronic injuries she asserts require braces and restrictions. (Id. at 8, 9.) However, defendant after examination declined to prescribe the braces and medical restrictions requested by Plaintiff. (Id. at 9-10.) Plaintiff reports a nurse prescribed the requested medical restriction after her appointment with defendant. (Id. at 10.) This restriction was granted after she injured herself when climbing into an upper bunk. (Id.) However, it is unclear if she ever received the braces, she asserts were medically necessary. (Id.)

Here, defendant's denial of a lower bunk chrono and braces, in the face of plaintiff's disagreement, shows only a difference of medical opinion. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. Daniel, 681 F.3d 978, 988 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc). To state a cognizable claim, plaintiff must allege facts showing that defendant's denial was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to plaintiff's health. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

For these reasons, the complaint does not state a cognizable Eighth Amendment claim against defendant. Plaintiff will be granted leave to file a second amended complaint.

## AMENDING THE COMPLAINT

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to amend the complaint. Plaintiff is advised that in an amended complaint, she must clearly identify each defendant and the action that defendant took that violated her constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of her claims. Rather, plaintiff

should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to her claim in this action.  If plaintiff wishes to pursue her claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for her allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

/////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 10) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 20, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:16
DB/DB Prisoner Inbox/Civil Rights/S/jacq453.scrn